# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL. JOSEPH H. McCARTHY *v.* STEPHEN B. FRENCH AND OTHERS, COMMISSIONERS OF POLICE.

*Code § 2138, requiring the hearing on certiorari to be on the writ, the return and the papers on which the writ was granted, does not allow the return to be overthrown by the statements contained in such papers — such papers only establish facts as to which the return is silent — Removal from office in New York city — Section 28 of chapter 335 of 1873 — how far modified by chapter 521 of 1880.*

CERTIORARI issued to review the action of the commissioners of police in the city of New York, by which the relator was removed from the office of deputy clerk, which he had held since the 13th of January, 1874.

No formal charges were made against the relator, and no opportunity was offered him to be heard before the commissioners, as that was provided for by section 28, chapter 335 of the Laws of 1873, before the resolution for his removal was adopted.

After holding that the provisions of section 28 of chapter 335 of 1873 were so far qualified by chapter 521 of 1880, which provides for retrenchment in the expenses of the local government of the city of New York, and authorizes the abolition and consolidation of offices and bureaus and the discharge of subordinates, that authority was given to discharge the relator, although charges were not preferred nor hearing given to him; the court at General Term said : " In the resolution by which the removal was made, it was stated to have been done in compliance with this act of 1880, and because the appropriation for the payment of salaries of the clerical force for

the year 1881 was insufficient to pay those of all the persons employed upon such force. This statement disclosed the fact that the commissioners acted in subordination to the act of 1880 in removing the relator from his position. He has taken issue with the accuracy of this statement, and in his affidavit presented for the allowance of the writ asserted that no such insufficiency in the appropriation existed, and under the authority of section 2138 of the Code of Civil Procedure this statement is required to be considered in the disposition of the case, for by the terms of that section the case is not only to be heard upon the return, but also upon the papers on which the writ was granted. It could not, however, have been the design of this extension of the law, to allow the return to be controverted or overthrown in its statement by anything contained in the papers presented for the allowance of the writ. As the law previously stood, the return to a writ of *certiorari* was conclusive as to the facts contained in it. (*People ex rel. Sims* v. *Fire Commissioners*, 73 N. Y., 437.) And it could not have been the purpose of the legislature by this provision of the Code, so far to interfere with the existence of this well settled rule of practice, as to allow the return itself to be rejected, because it might not be consistent with the statements contained in the affidavit upon which the application should be made for the writ of *certiorari*. There would be no just propriety in giving such a construction to this provision of the statute; but what was, and all that was probably intended was, that where the return itself might be silent, that the affidavit or papers upon which the writ issued might be resorted to for the purpose of including facts not set out in the return. The statement in the affidavit which has already been referred to, was made for the purpose of contradicting the recitals in the resolutions, and it was so regarded by the relator at the time when it was sworn to, for it is introduced into the affidavit by the assertion that the statement contained in the notice served upon him, which included a copy of the resolutions, was not true. From the language made use of, this was intended, as it did in fact, to take issue with what the commissioners had stated to be the reason actuating them in the relator's removal, and it cannot, therefore, be permitted to affect the truth of the statement made upon this subject by the commissioners. It must, on the contrary, be presumed

that their action was prompted by the cause stated by them, which was the insufficiency of the appropriations made.

A further reason urged for disregarding the action of the commissioners, was that the relator's office was continued and his services performed by another person at a salary greater than that which had been paid to him. But it is evident from what he has said that no new appointee was selected for the purpose of discharging his duties. Although the statement made is obscure, it still warrants the conclusion that some other person in the employment of the department, who received a greater salary than that which had been paid to the relator, was required to perform his duties in addition to those previously imposed upon that person. But if this was the fact, it in no manner impugned the action of the commissioners. On the contrary, it rendered it evident that in what they did they were engaged in carrying out the policy of this act of 1880.

But if, from the statement in the affidavit, it should be assumed that the appropriation was sufficient to pay the entire clerical force employed by the department, the action of the commissioners would not, because of that circumstance, be unauthorized. They were not obliged to use up or exhaust the entire appropriation, but it was still their duty on the other hand to reduce the expenditures of the department as far as that might prove to be practicable. And for that purpose, under the authority conferred upon them, they might remove subordinates whose services were not needed in what the department itself was required to accomplish. Upon this subject the authority which was created was broad and unqualified, and it allowed the commissioners to discharge such of their subordinates as could be dispensed with, for the mere purpose of reducing the expenses of the department. They may in this instance have proceeded harshly in not giving the relator timely notice of what they intended to do. But as the statute has not made their action dependent in any respect upon the service of notice, its force and effect cannot be impaired by reason of the existence of these circumstances. The proceedings taken by them appear to have been warranted by the act of 1880, and for that reason they are required to be affirmed. But under the circumstances disclosed this should be without charging the relator with the costs of this review."

*John W. Weed,* for the relator.

*Richard J. Morrison,* for the respondent.

Opinion by Daniels, J.; Davis, P. J., concurred; Brady, J., dissented.

Proceedings affirmed, without costs.